UNITED STATES BANKRUPTCY COURT
District of Colorado

| | |
|---|---|
| In re: Rodney A. Long | Case No. 19-17941-KHT |
| Debtor. | Chapter 7 |
| Cherise Smith | Adv. Proc. No. 19-01379-KHT |
| Plaintiff, | |
| v. | |
| Rodney A. Long | |
| Defendant. | |

**REPORT OF FED. R. CIV. P. 26(f) CONFERENCE**

      Plaintiff Cherise Smith, through undersigned counsel, submits this report in compliance with the Court's February 21, 2020 Order for Compliance (Doc. 11) and Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f). The parties conducted their Rule 26(f) conference in person on March 9, 2020. Counsel for both parties appeared. At the conference, Defendant provided no suggestions with respect to discovery limitations or case deadlines and offered no opinion in response to Plaintiff's contention that discovery should be minimal. Defendant did not respond to Plaintiff's attempts to confer as to the specific proposals below (via emails sent Thursday, March 19, 2020; Friday, March 20, 2020; and Monday, March 23, 2020). Accordingly, Plaintiff submits this report without Defendant's input or approval.

**Date of Conference and Attendees:**

Date of Rule 26(f) conference: March 9, 2020

Melanie MacWilliams-Brooks
Erin O'Neill

Foster Graham Milstein & Calisher, LLP
360 S. Garfield St., 6th Floor
Denver, CO 80112
Telephone: 303-333-9810
*Attorneys for Plaintiff Cherise Smith*

Devon Michael Barclay
Devon Barclay, P.C.
2435 Ingalls Street
Denver, Colorado 80214
Telephone: 720-515-9887
*Attorney for Defendant Rodney A. Long*

Also in attendance: Defendant, Rodney Long; Defendant's wife, Patricia; Tracie Phillips (Defendant's associate); an individual introduced only as "Bernard" (also Defendant's associate).

### Report regarding Rule 26(f)(3)(A)-(F)

A. Plaintiff proposes no changes in the timing, form, or requirement for disclosures under Rule 26(a). Initial disclosures will be made March 23, 2020, per Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(a).

B. Discovery scope and cut-off

(1) Subjects on which discovery may be needed:

Plaintiff may require discovery as to certain elements required to meet its burden of proof to the limited extent those elements are not sufficiently supported by evidence produced in Denver County District Court case no, if at all.

(2) Discovery cut-off: All discovery shall be completed by June 30, 2020.

(3) Plaintiff does not perceive a need to conduct discovery in phases.

C. ESI:

Plaintiff does not anticipate the need to discover significant ESI. Plaintiff agrees to provide discovery documents electronically, by e-mail. Plaintiff will abide by the Court's practice standards regarding resolution of discovery disputes.

D.   Plaintiff does not anticipate any such issues.

E.   Limitations on discovery:

Plaintiff proposes the following: Each party may depose the other party and one fact witness. However, such depositions shall not exceed 2 hours in length. Each party may serve no more than 10 interrogatories, on the other party. Each party may serve 5 requests for production and 5 requests for admission.

F.   Other orders the Court should enter:

(I)   Amended pleadings shall be filed and/or additional parties shall be joined by: May 25, 2020

(II)  Parties shall provide expert disclosure under Rule 26(a)(2) Fed. R. Civ. P. by: Not applicable. Plaintiff does not anticipate the parties will require expert testimony.

(III) All discovery shall be completed by: June 30, 2020.

(IV)  Dispositive motions shall be filed by: July 30, 2020; responses shall be filed within 14 days after mailing of the dispositive motion.

(V)   A statement by each party as to whether that party does or does not consent to entry of final orders or judgment by the bankruptcy court on each claim, counter-claim, cross-claim, or third party claim; and a certification that the parties have complied with GPO 2016-01 by including such statement in the complaint, counterclaim, cross-claim, third party complaint, and the responsive pleadings thereto:

Plaintiff:

Plaintiff consents to entry of final orders or judgment by the bankruptcy court on her claims. Plaintiff mistakenly did not include such statement in her complaint; to the extent the Court requires the complaint include such statement, Plaintiff requests the Court's permission to amend her complaint.

## OTHER SCHEDULING MATTERS

Plaintiff anticipates that trial will last 1 day. Plaintiff requests a trial to the bench.

3

DATED: March 23, 2020.

Respectfully submitted,

*/s/ Melanie MacWilliams-Brooks*
Melanie MacWilliams-Brooks, Colo. Reg. No. 45322
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: mbrooks@fostergraham.com
*Attorney for Plaintiff Cherise Smith*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of March, 2020, a true and correct copy of the foregoing **REPORT OF FED. R. CIV. P. 26(f) CONFERENCE** was electronically filed and served upon all parties of record via ECF, as well a copy to the Defendant at the following address/email:

    Rodney A. Long
    2823 Vine Street
    Denver, CO 80205
    Email: rodneylong866@gmail.com
    (served via U.S. Mail and email)

                                                       */s/ Melanie MacWilliams-Brooks*