# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

In re:

RODNEY A LONG,

Debtor.

Case No. 19-17941 KHT
Chapter 7

## ORDER DENYING MOTION

THIS MATTER comes before the Court on *Debtor's Voluntary Motion to Dismiss Chapter 7 Case* (the "Motion," docket #31), and the Objection thereto (docket #32), filed by Creditor Cherise Smith. The Court has reviewed the pleadings and the file, and is advised in the premises, and hereby finds and concludes as follows:

Debtor's Motion seeks dismissal of his bankruptcy case in order to pursue state court appeals and re-file his bankruptcy case at a later date. Creditor, a party to the state court litigation Debtor seeks to pursue, objects, asserting there is no viable appeal route available to Debtor, and the Motion appears to be filed in bad faith.

> Unlike under Chapter 13, the debtor has no absolute right to dismissal of a Chapter 7 case. In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified. Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors. Courts generally consider the following factors when ruling on a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in an prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

*In re Turpen*, 244 B.R. 431, 434 (8th Cir. BAP 2000) (citations omitted). Here, the Court finds a likelihood of prejudice to Creditor if the case were dismissed. An objection to dischargeability is pending, which Debtor seeks to delay. The Court cannot find Debtor is acting in good faith or has otherwise sufficiently shown "cause" for dismissal. The Motion will therefore be denied.

Accordingly,

IT IS HEREBY ORDERED that the Motion is DENIED.

Dated August 7, 2020

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge