| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLORADO<br>ALFRED A. ARRAJ COURTHOUSE<br>901 19TH ST.<br>Denver CO 80294-3589 |  |
| Rodney Long<br>Debtor<br>v.<br><br>Cherise Smith<br>Plaintiff | Σ COURT USE ONLY Σ |
| Rodney Long<br>Claimant Appearing as Pro Se Litigant<br>2823 Vine St.<br>Denver, CO 80205<br>Ph. 720.436.2106<br>E-mail: rodneylong866@gmail.com | Case 19-17941 KHT<br><br>Division |
| **NOTICE OF MOTION TO APPEAL** ||

    PLEASE TAKE NOTICE that, Defendant, <u>Rodney Long</u> in pro per is seeking to file an appeal in the above captioned case. This notice of appeal is being filed within 14 days from notice by receipt of disposition. Please take notice that defendant received final judgment via US Mail on 5/28/2022.

  Under: Haines v Kerner and Hall vs. Bellmon, 935 F. 2d 1106 (1991) "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than that drafted by lawyers. If the court can reasonably read the pleadings to state a valid claim on which the defendant could prevail, it should do so despite the defendant's failure to cite proper legal authority, his confusion of varies legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirement. Trackwell vs. United States, 472 F. 3d 1242 (10th Cir. 2007)

Defendant, Rodney Long seeks to file this motion and states as follow:

1) Defense counsel failed to perform his duties as advocate for the defendant.

2) Defense counsel attempted to extort Defendant by stating that if Defendant did not pay him $2,500.00 cash and two post dated checks of $2,500.00 each that he would not represent him in court.

3) This was the day before court that the Defendant was given notice by defense counsel. The day of court Defense counsel informed the courts that he had no new evidence when in fact he did.

4) Defendant claims ineffective assistance of counsel due to the lack of representation on behalf of defense counsel.

5) Judgment was brought against Defendant even though statue of limitations has passed as prescribed by law and due to ineffective assistance of counsel this defect was never exploited.

6) The Statue of Limitations alone was enough to stop judgement against the Defendant but because of defense counsels neglect and failure to preform his duties as an officer of the law defendant is being wrongfully accused of an action that should never had been brought against him in the first place.

7) Defendant was denied his rights to properly defend his position through poor legal representation. Had his rights been protected by defense counsel the outcome would have been different.

8) Court made a ruling based on misinformation which was not brought forth by defense counsel which ultimately led to a judgment against the Defendant.

Respectfully Submitted

_____
Rodney Long pro se
4/1/2022